[Crim. No. 3073. Second Appellate District, Division Two.—December 30, 1938.]

THE PEOPLE, Respondent, v. NICK MEGUGORAC, Appellant.

Peter T. Rice for Appellant.

U. S. Webb, Attorney-General, Frank Richards, Deputy Attorney-General, Buron Fitts, District Attorney, and Jere J. Sullivan, Deputy District Attorney, for Respondent.

WOOD, J.—The defendant was convicted of the murder of William Jacobson and prosecutes this appeal from the judgment and from the order denying his motion for a new trial. The evidence is circumstantial and it is the contention of defendant that it is insufficient to sustain the conviction.

William Jacobson during his lifetime conducted a service station and small store in a neighborhood known as the Studebaker tract in Los Angeles County. He lived alone in the rear of his establishment. Early in the morning of July 22, 1937, his body, on which there were four bullet wounds, was found at the service station. The flap on the bib pocket of his trousers was turned back and the pocket was empty. The time of the murder was fixed at approximately 8:40 P. M. in the evening of July 21, 1937, by witnesses who heard several shots fired at that time in the neighborhood of the service station.

The defendant was on the date of the crime a boy of the age of fifteen years. A few days before the commission of the crime he was in the service station and had a revolver in his possession. A witness testified that on that occasion he had asked defendant if he had a permit to carry the revolver and

threatened to take the revolver away from him. The defendant then left the service station. It was shown that defendant was familiar with the habits of the decedent and that decedent was in the habit of carrying his dollar bills in the bib pocket of his overalls. Another witness testified that he was in the vicinity of the service station on the evening of July 21, 1937, that he heard the shots fired and saw a slender person running down the railroad tracks at a distance away of a quarter of a city block. The person running wore light trousers that appeared to be ''cords'' and a white shirt. When defendant was arrested the following evening he wore light corduroy trousers and a light blue shirt. A lady friend of defendant, who lived three or four blocks from the service station, testified that defendant had previously left a revolver at her home and that on July 20, 1937, she had delivered the revolver to defendant at his request. It was not loaded and she had given him nine shells which had not been discharged. Bullets taken from the body of decedent and from the scene of the crime were examined by a ballistic expert who made experiments with defendant's revolver. He testified that the bullets had been discharged from defendant's revolver.

A number of footprints made by defendant were found in and about the service station. Impressions of these were taken by plaster casts. Some of the impressions correspond with impressions made by the shoes which defendant wore at the time of his arrest and which according to the statement of defendant were the only shoes he had. These shoes were worn by defendant the Saturday before the murder. Other footprints were found at the service station which corresponded to prints made by another pair of shoes belonging to defendant, which was found by the officers at his home. These shoes had characteristics which were shown in the plaster casts of the footprints. A metal cleat was fixed on the heel of the shoe in the same position as shown in the casts. A nail head visible near the butt of the heel due to the wear of the cleat was shown in the plaster casts. Conditions of wear of portions of the metal cleat were also shown in the plaster casts.

David Ferris testified that in the latter part of June, 1937, he had met defendant at a street corner and defendant had asked the witness if he cared to go with him and rob a filling station but the witness had refused. On the day following defendant's arrest this witness met defendant in jail and

asked him, "How about these burglary jobs?" Defendant replied that if Ferris told about the jobs he would kill him.

We need not prolong this discussion by detailing other incriminatory circumstances established by the prosecution. The evidence is sufficient to sustain the verdict. Defendant presented a number of witnesses in an attempt to establish an alibi. He now points out certain circumstances which he claims are favorable to the defense and refers to the well-established rule that the circumstances relied upon by the prosecution to establish guilt must be consistent with the guilt of defendant and inconsistent with any other rational conclusion. This rule is for the guidance of the jury. It does not deprive the jury of the right and duty to determine whether the guilt of the defendant is established beyond a reasonable doubt. (*People* v. *Perkins,* 8 Cal. (2d) 502 [66 Pac. (2d) 631].) Since the finding of the jury is amply sustained by the evidence it is binding upon the reviewing court.

The judgment and order denying a new trial are affirmed.

Crail, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 26, 1939.